# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**REX ALLEN VANCE,**
**Claimant Below, Petitioner**

**vs.)  No. 11-0925**  (BOR Appeal No. 2045323)
(Claim No. 2009089222)

**KINGSTON MINING, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Rex Allen Vance, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kingston Mining, Inc., by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 20, 2011, in which the Board affirmed a November 17, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 4, 2009, rejection of authorization for left shoulder decompression, acromioplasty, rotator cuff repair, and excision of the lateral end of the clavicle, and the claims administrator's May 18, 2010, denial the addition of left rotator cuff tear and impingement syndrome, while accepting the addition of a sprain of unspecified site of shoulder and upper arm, as compensable conditions of Mr. Vance's claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Vance was employed by Kingston Mining, Inc. as a roof bolter. On April 23, 2009, he sustained an injury to his left shoulder while lifting a glue box. Mr. Vance's sprain of an unspecific site of his shoulder and upper arm were held compensable by the claims administrator on June 8, 2009. Mr. Vance's request for compensability for left rotator cuff tear and impingement syndrome, and his request for authorization for surgical intervention were rejected

by the claims administrator, stating that the injuries were the result of a pre-existing condition unrelated to the compensable injury. The rejection led to this appeal.

In this case, the Office of Judges found by a preponderance of the evidence that Mr. Vance's rotator cuff tear and impingement syndrome were not part of his compensable injury but were pre-existing conditions. The Office of Judges was persuaded by the evaluation of Dr. Bachwitt, who stated that the evaluations of Dr. Zahir conducted in 2002, prior to the compensable injury, evidenced a complete left rotator cuff tear. Dr. Bachwitt attributed Mr. Vance's current condition and need for surgical intervention to that prior injury. Since the Office of Judges was persuaded by Dr. Bachwitt's report, it held that the requested treatments should not be authorized.

The Board of Review adopted the findings of the Office of Judges and affirmed its Order on May 20, 2011.

We agree with the Office of Judges' finding that Mr. Vance's rotator cuff tear and impingement syndrome were related to an injury that pre-existed his compensable April 23, 2009, injury. We agree that the treatments related to those pre-existing injuries should not have been authorized. The Board of Review was not clearly wrong to affirm the Office of Judges' Order.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 14, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum